BOARD OF SUPERVISORS OF GRAND TRAVERSE COUNTY
*v.* ALLYN.

COUNTIES — SURVEYORS — RECORDS — DEPOSITORIES — OFFICE OF REGISTER OF DEEDS.

> The board of supervisors of a county may properly designate the vault in the office of the register of deeds as the place where the records of county surveyor are to be kept when not in use by the surveyor, as provided by Act No. 79, Pub. Acts 1905, and are not required to provide such a vault for the surveyor's exclusive use.

Certiorari to Grand Traverse; Mayne, J.  Submitted April 10, 1906.  (Calendar No. 21,535.)  Decided May 24, 1906.

Mandamus by the board of supervisors of Grand Traverse county to compel Ernest H. Allyn, county surveyor, to keep the field notes and records of his office in a depository under Act No. 79, Pub. Acts 1905.  There was an order granting the writ, and respondent brings certiorari.  Affirmed.

*George H. Cross*, Prosecuting Attorney, for relator.

*John W. Patchin*, for respondent.

MOORE, J.   Act No. 79, Pub. Acts 1905, amended section 2622, 1 Comp. Laws, by adding thereto the following:

" The county surveyor shall keep the field notes and other county surveyor's records in a fireproof vault, in an office at the county seat, to be designated by the board of supervisors as a depository for the same, excepting that this shall not apply to the fieldbooks which are required to be used in the field by the surveyor in making his surveys, during the time when such books are thus being used.   The field notes and records required by this act shall be accessible to the public at any time, subject to such regulations as may be provided by the board of supervisors.   The county surveyor and his deputies shall keep the records of their surveys required by this act written up in full for each month within seven days after the close of the month."

Acting under its provisions the board of supervisors of Grand Traverse county, on the 13th of October, 1905, adopted the following resolutions:

" Whereas, by Act No. 79 of the Public Acts of 1905, which refers to the safekeeping of the books and records of the county surveyor, it becomes the duty of this board to designate a depository for the safekeeping of said books and records:   It is therefore resolved that the register of deeds' vault is hereby designated as such depository."

The respondent declined to keep the field notes and other records of his office in the depository designated in the resolutions so adopted.   The relator sued out a writ of mandamus in the circuit court to compel the county surveyor to keep the field notes and other records of his office in such depository.   A hearing was had and the judge issued an order, the material parts of which read:

" We, therefore, being willing that due and speedy justice should be done the said board of supervisors in the premises, do command and firmly enjoin you that immediately

upon receipt of this, our writ, you do, without delay, deposit the field notes and other county surveyor's records of the said county of Grand Traverse in the fireproof vault in the register of deeds' office in said county of Grand Traverse, which has been so designated as a depository for the same as aforesaid, and that you keep such records in such depository, except during business hours when said records are by law required to be kept open to the inspection of the public, and also excepting the field books which are required to be used in the field by the county surveyor in making his surveys, during the time when such books are thus being used."

The respondent seeks to review this order by certiorari.

It is the claim of the respondent (we quote from the brief of counsel):

"1. That the circuit court had no jurisdiction to render judgment against respondent because no provision was made for the access to or inspection of the books and records of the county surveyor's office by the public as provided by law.

"2. That by the final order, the books and records of the surveyor's office were removed out of his custody and control and required to be kept in the register of deeds' office without giving any facilities to the surveyor for keeping his books open in his office for the inspection of the public as provided by the statute.

"3. That the county surveyor is under bonds for the custody and safekeeping of these books, and that by the final order they are taken out of his possession and custody without any security to the surveyor that the books shall be properly cared for.

"4. That there is no provision made by the board by which the surveyor himself can have access to the books at times adequate and necessary for the carrying on of his business.

"5. That it is shown by the undisputed testimony in the case that the facilities that could be given by the register of deeds' office as the same is carried on for the use of said books are so limited that it will greatly cripple the said surveyor in carrying on the business of his office, and thereby greatly inconvenience the public who do business through his office.

"6. That the plain provisions of the statute that the board of supervisors should provide a fireproof vault for

the use of the respondent and successors, to be under his care and control in an office at the county seat, was entirely ignored by the judgment of said court."

We think the county surveyor and his counsel magnify the difficulties of the situation.   The intention of the legislature in passing the amendment was to seek a place of safety for the field notes and records pertaining to the office of county surveyor, when they were not in use by him.    There can be no doubt of the right of the legislature to enact legislation of this character, nor of the board of supervisors to make the provision required by the statute. The order of the circuit judge is so broad as not to interfere with the custody of the records and field notes during the hours when they are by law required to be kept open to the inspection of the public, nor when they are needed by the county surveyor in the pursuit of his official duties.

We decline to interfere with the action of the circuit judge.

CARPENTER, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.